UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-24237

RAUL CELESTINO SANTANA,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian Corporation, d/b/a, ROYAL
CARIBBEAN CRUISE LINE and/or
ROYAL CARIBBEAN INTERNATIONAL,

    Defendant(s).

_____/

**COMPLAINT FOR DAMAGES**

The Plaintiff hereby sues the Defendant and alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, RAUL CELESTINO SANTANA, is a citizen of the Dominican Republic, and is otherwise *sui juris*.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD. (hereinafter to be referred to collectively as RCCL, Defendant, or the Cruise Line), is a foreign corporation incorporated under the laws of Liberia, is authorized to do business in the State of Florida, and at all times material hereto was and is doing business in, and had its principle place of business in, Miami-Dade County, Florida.

3. This action is being pursued in this Court, as opposed to state court as otherwise permitted by the Savings to Suitors Clause of 28. U.S.C. section 1333 because RCCL unilaterally injects a forum clause into its cruise tickets that require its passengers to file cruise-related suits in this Federal District and Division, as opposed to any other venue in the world.

4. The Defendant, at all times material hereto, personally or through an agent:

1

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county and had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part on this county and/or state; and/or

    f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessel.

5. The causes of action asserted in this Complaint arises under the General Maritime Law of the United States.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Allure of the Seas*.

## General Allegations

8. Plaintiff, RAUL CELESTINO SANTANA, was a fare-paying passenger aboard the *Allure of the Seas* on or about November 17, 2019, which was in navigable waters, for a cruise which began on November 17, 2019.

9. Upon knowledge and belief, Defendant, RCCL, owned and operated the *Allure of the Seas* at all times material hereto.

10. On or about November 17, 2019, the Plaintiff had boarded the ship and went to assigned stateroom, Room 10585, to drop off his luggage.

11. When Plaintiff entered his stateroom, the balcony door was open.

12. Plaintiff dropped off his luggage and proceeded to exit his stateroom. While exiting his stateroom, the heavy metal stateroom door suddenly swung shut, and violently slammed on Plaintiff's middle finger, crushing it, and causing a severe laceration as well as a fracture of the distal phalanx. The metal stateroom door that crushed Plaintiff's finger was located in a place that passengers were invited and/or were reasonably likely to visit. Hereinafter, the metal door that crushed the Plaintiff's finger, including the dangers and hazards posed by the metal door, shall be known as the "Dangerous Condition".

## COUNT I – NEGLIGENCE AGAINST DEFENDANT, ROYAL CARIBBEAN CRUISES, LTD

Plaintiff realleges, adopts and incorporates by reference the allegations in Paragraphs one (1) through twelve (12) as though alleged originally herein and further states:

13. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances while he was a passenger aboard the *Allure of the Seas*. As Plaintiff, RAUL CELESTINO SANTANA, was a passenger aboard the *Allure of the Seas* at the time of the injury, Defendant owed Plaintiff a duty to exercise reasonable care to ensure his safety. This duty includes, but is not limited to, Defendant's duty to warn of dangers known to Defendant, as a carrier, in places where Plaintiff, as a passenger, was invited to or reasonably should have been expected to visit. Moreover, this duty includes compliance with all applicable standards, statutes, and/or regulations, the violation of which is negligence per se and/or evidence of negligence.

14. Defendant had actual knowledge of the Dangerous Condition on the premises of *Allure of the Seas* by virtue of previous occurrence(s) of injuries to passengers and/or employees caused by the Dangerous Condition. Thus, the harm posed to passengers, including Plaintiff, by the Dangerous Condition was reasonably foreseeable.

15. Additionally, Defendant had constructive knowledge of the Dangerous Condition on the premises of the *Allure of the Seas*, due to the length of time the condition Dangerous Condition existed and by virtue of ongoing, repetitive, and/or recurring nature of the Dangerous Condition. Thus, the harm posed to passengers, including Plaintiff, by the Dangerous Condition was reasonably foreseeable.

16. Alternatively, notice of the Dangerous Condition is not required because Defendant engaged in and was guilty of negligent inspection and maintenance of the *Allure of the Seas* premises, negligent methods of operation of the *Allure of the Seas*, and/or negligent hiring, supervising, and retaining of its crew responsible for the maintenance and inspection of the *Allure of the Seas* premises.

17. Defendant, RCCL, breached its duty of care to provide a reasonably safe premises under the circumstances to Plaintiff by:

   a. failing to comply with all applicable standards, statutes, and/or regulations regarding the safety of the premises of the cruise ship *Allure of the Seas*;

   b. failing to maintain the premises of the *Allure of the Seas* in a reasonably safe condition under the circumstances;

   c. failing to inspect the premises or to implement a method of operation and inspection that would reasonably prevent the Dangerous Condition from arising;

  d. failing to institute adequate policies by which Defendant, RCCL, would make safe a hazardous condition on its premises once identified;

  e. failing to remedy the Dangerous Condition upon Defendant, RCCL's, actual and/or constructive knowledge of the Dangerous Condition; and/or

  f. failing to warn passengers, including Plaintiff, who were invited to use or reasonably should have been expected to use the door that crushed Plaintiff's finger and, as such, were exposed to the Dangerous Condition.

All or some of which caused and/or contributed to the Plaintiff being severely injured and/or which caused his injuries to be aggravated and/or made worse.

  18. As a direct and proximate result of the negligence of the Defendant, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, scarring, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages and income lost in the past. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

  **WHEREFORE**, the Plaintiff, RAUL CELESTINO SANTANA, demands judgment for damages against the Defendant, ROYAL CARIBBEAN CRUISES, LTD, for all damages recoverable under the law against Defendant and demand trial by jury of all issues so triable.

Dated: **October 16, 2020**

>Respectfully submitted,
>
>**Fenstersheib Law Group, P.A.**
>520 West Hallandale Beach Boulevard
>Hallandale Beach, Florida 33009
>Telephone: (954) 456-2488
>Facsimile: (954) 867-1844
>
>By: */s/ Jason R. Manocchio*
>Jason R. Manocchio, Esq.,
>Florida Bar No. 92477
>E-mail: jason@fenstersheib.com
>jm-pleadings@fenstersheib.com